UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACY GUTHMANN,<br><br>Plaintiff,<br><br>v.<br><br>CLASSIC RESIDENCE MANAGEMENT LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | Case No. 5:16-cv-02680-LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 32 |

Plaintiff Stacy Guthman sues her former employer, claiming (among other things) that she was wrongfully terminated in retaliation for complaining about wage-and-hour violations. This court understands that defendants own, develop, and operate residential communities for older adults. Just prior to her termination, Guthman says she intervened in a dispute between two residents and claims that she followed defendants' policies in reporting one resident's abusive conduct. According to the complaint, plaintiff was placed on administrative leave the next day and subsequently was fired for elder abuse. Plaintiff says she was told that defendants contacted an "Ombudsperson" who conducted an investigation and concluded that she had engaged in elder abuse. Plaintiff claims that the investigation was a sham and that the alleged "elder abuse" was simply a pretext for terminating her employment. Defendants deny any wrongdoing.

Guthman claims that thus far, discovery reveals that the resident did not complain about

1 elder abuse and that the Ombudsman was not contacted by the resident or the residential facility
2 and did not investigate any complaint. This court is told that, although discovery indicates that
3 someone might have contacted the Santa Clara County Social Services Agency, Adult Protective
4 Services (APS), defendants reportedly have not produced documents that show whether and why
5 they may have contacted APS.

6 So, plaintiff subpoenaed APS for any records relating to allegations of elder abuse and
7 incidents and persons connected to this case. On April 7, she filed Discovery Dispute Joint Report
8 (DDJR) 1 because APS has a one-page responsive document, but declines to produce it absent a
9 court order, citing its obligations to keep information in the document confidential. See 42 U.S.C.
10 § 30581i(b)(10)(D) & (e)(2); Cal. Welf. & Inst. Code §§ 15633, 15633.5. However, APS does not
11 oppose production of the document if, following an *in camera* review, this court concludes that the
12 need for disclosure outweighs the public's interest in keeping the information confidential.
13 Plaintiff argues that she cannot obtain the record from any other source.

14 Pursuant to this court's interim order re DDJR 1 (Dkt. 33), APS submitted the document to
15 the court for an *in camera* review. Having reviewed the document, this court orders the document
16 produced, subject to the terms of the stipulated protective order (Dkt. 20). Although APS
17 identifies a legitimate interest in maintaining the confidentiality of information in the document
18 (i.e., to encourage the reporting of elder abuse), this court also takes into account that the subject
19 information appears to be highly material to plaintiff's allegations. And, given what this court has
20 been told about the present state of discovery, it may be that the APS document is the only
21 documentation of the information plaintiff seeks. Additionally, this court finds that the terms of
22 the stipulated protective order are adequate to protect the subject information. Accordingly,
23 plaintiff's request for this discovery is granted. APS shall forthwith produce the document to
24 plaintiff.

25 SO ORDERED.
26 Dated: April 12, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-02680-LHK Notice has been electronically mailed to:

Erica Christina Gonzalez    ecg@smootpc.com

Jenna Heather Leyton-Jones    jleyton@pettitkohn.com, vbrowne@pettitkohn.com

Jennifer Nicole Lutz    jlutz@pettitkohn.com, kwood@pettitkohn.com

Kendra Lin Orr    kendra@msllp.com

Paul Joseph Smoot    pjs@smootpc.com, ecg@smootpc.com

Peter Collins McMahon    peter@msllp.com, kendra@msllp.com