UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACY GUTHMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>CC-PALO ALTO, INC. D/B/A VI AT PALO ALTO, et al.,<br><br>    Defendants. | Case No. 5:16-cv-02680-LHK (HRL)<br><br>**INTERIM ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2** |

    Plaintiff Stacy Guthmann ("Guthmann") was employed as a sales counselor by CC-Palo Alto, Inc.("CC-PA"), the operator of an upscale retirement and assisted living facility in Palo Alto. CC-PA's parent company is Classic Residence Management Limited Partnership ("CRMLP"). For convenience, CC-PA and CRMLP will be referred to collectively as "defendants." As a result of her intervening to break up a squabble between two tenants arguing over their dogs, Guthmann was fired for purported "elder abuse." She sues for wrongful termination, claiming the real reason she was fired was to retaliate against her for having made persistent complaints to management about wage and hour issues (issues that reportedly spawned a class action at another of defendants' facilities). She alleges that other, male employees were not terminated for conduct that was as bad or worse than what was alleged against her.

    On October 27, 2016 plaintiff propounded a list of 59 Requests for Production of

Documents ("RFPs") to defendants. Over a period of many months, defendants produced documents (over 3,000 pages, claim defendants), and it was not until March 2017 that the last production took place. Defendants appear to take the position that they have produced everything they intend to produce, unless something happens to turn up.

The reason for this Discovery Dispute Joint Report ("DDJR") is that plaintiff does not know if everything that should be produced has been produced. For 26 RFPs defendants made numerous objections and produced nothing. For the other 33 RFPs, defendants produced documents, but without waiving the host of objections that they made to each of the 33.

Plaintiff dismisses the objections as merely "boilerplate" and asks the court, in effect, to overrule them and order production of all responsive documents to each of the 59 RFPs. Plaintiff does have a legitimate grievance, but she is not articulating it properly.

Under Federal Rule of Civil Procedure ("FRCP") Rule 34(b)(2)(C), a party who objects to a document production request must state if responsive material is being withheld based upon the objection. This the defendants did not do. Their responses to all 59 RFPs had numerous objections, typically: vague and ambiguous, confidential or proprietary information, attorney client privilege or work product protection, irrelevant, burdensome, or invasion of privacy. If these are not simply boilerplate, "throwaway" objections, but are being used to justify withholding some production, then they must be supported.

First, defendants must now go through each RFP and say whether or not any responsive document is withheld on the basis of any of the asserted objections.

Then, as to each RFP, defendants must state which objection(s) are the basis for withholding documents, and include a particularized description of what the documents are and why the objection fits (in sufficient detail that the court can assess whether it agrees with defendants). However, if the objection is attorney-client privilege or work product protection, then a formal privilege log must be prepared (excluding such documents created after litigation was commenced). See Fed. R. Civ. P. 26(b)(5).

If defendants had followed the FRCP rules about objections back when they first started what turned out to be a rolling production, the current problem could have been sorted out months

ago.  Now, as discovery is about to close, the court is not inclined to give a generous time to defendants to do the work they should have done before.  The court encourages the parties to meet and confer again to try to reach an agreement.  Otherwise, defendants will file their report (describing the information ordered above) with the court within 10 days after this order is filed. If defendants decide to withdraw an objection, they shall so indicate in their report and immediately produce any documents that they had been withholding based on that objection.

Plaintiff may have 5 days to file a response to defendants' submission.

SO ORDERED.

Dated:   May 10, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-02680-LHK Notice has been electronically mailed to:

Erica Christina Gonzalez     ecg@smootpc.com

Jenna Heather Leyton-Jones     jleyton@pettitkohn.com, vbrowne@pettitkohn.com

Jennifer Nicole Lutz     jlutz@pettitkohn.com, kwood@pettitkohn.com

Kendra Lin Orr     kendra@msllp.com

Paul Joseph Smoot     pjs@smootpc.com, ecg@smootpc.com

Peter Collins McMahon     peter@msllp.com, kendra@msllp.com